**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.                                                          Case No.: 6:23-cv-1041-WWB-DCI

VISION ONLINE, INC., GANADORES
IBR, INC., VISION ONLINE DIGITAL,
LLC, VISION ONLINE ENGLISH, LLC,
VISION ONLINE LATINO, LLC,
RICHARD ALVAREZ, SARA ALVAREZ,
ROBERT SHEMIN and BRYCE
CHAMBERLAIN,

        Defendants.
_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on the Joint Stipulation to Entry of Stipulated Preliminary Injunction Order as to Defendant Bryce Chamberlain (Doc. 31), Joint Stipulated Motion Between the FTC and Defendant Shemin to Extend the June 7, 2023 Temporary Restraining Order Extended b[y] the Court's June 16, 2023 Order as to Defendant Shemin and Reschedule the July 21, 2023 Show Cause Hearing as to Defendant Robert Shemin and the Associated Deadlines for Answering Pleadings and Legal Memoranda ("**Shemin Motion for Extension**," Doc. 38), and the Joint Stipulation to Entry of Stipulated Preliminary Injunction Order as to Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, and Sara Alvarez (Doc. 47).

On June 7, 2023, this Court entered a Temporary Restraining Order ("**TRO**," Doc. 11) against Defendants, which was subsequently extended in accordance with the

agreement of the parties. (Doc. 18 at 1). The TRO is currently set to expire at 11:59 p.m. Eastern Time on July 21, 2023, and a preliminary injunction hearing has been set for July 19, 2023. (*Id.* at 2). Plaintiff, the Federal Trade Commission ("**FTC**") and Defendants, with the exception of Robert Shemin, have agreed to the entry of a stipulated preliminary injunction without a hearing. Additionally, the FTC and Shemin are currently negotiating a possible stipulated preliminary injunction and request that the existing TRO be extended as to Shemin to facilitate such discussions.

Having considered the parties' filings, the record, and the agreement of the parties, this Court finds that good cause has been shown for the entry of a preliminary injunction against Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain. For the reasons set forth in the Shemin Motion for Extension, and pursuant to the parties' agreement, this Court finds that an extension of the TRO is appropriate as to Shemin pursuant to Federal Rule of Civil Procedure 65(b)(2). Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Shemin Motion for Extension (Doc. 38) is **GRANTED**.

2. The TRO as to Shemin shall expire at 11:59 p.m. Eastern Time on August 4, 2023, unless within such time, the Order is extended for an additional period pursuant to Federal Rule of Civil Procedure 65(b)(2).

3. The preliminary injunction hearing, previously scheduled for July 19, 2023, is hereby rescheduled for **August 2, 2023, at 10:00 a.m.** in Courtroom 3B at the United States Courthouse located at 401 West Central Boulevard, Orlando, Florida.

a. Defendant Shemin shall file any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda on or before **July 26, 2023**. The FTC may file responsive or supplemental pleadings, materials, affidavits, or memoranda on or before **July 28, 2023**.

b. On or before **July 28, 2023**, the parties shall file a joint notice, not to exceed five pages, informing this Court if an evidentiary hearing is necessary in this matter. Any party requesting an evidentiary hearing shall identify with particularity: (1) all disputed issues of material fact or credibility determinations that are expected to impact the resolution of the issue; (2) the name, address, and telephone number of any witnesses that the party anticipates calling at a hearing; and (3) the estimated length of the requested hearing. The party shall also attach to its notice a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony and an explanation of why the taking of live testimony would be helpful to this Court.

4. The Joint Stipulation to Entry of Stipulated Preliminary Injunction Order as to Defendant Bryce Chamberlain (Doc. 31) and Joint Stipulation to Entry of Stipulated Preliminary Injunction Order as to Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, and Sara Alvarez (Doc. 47) are **GRANTED** and the following Preliminary Injunction is entered as to Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision

Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain:

## **PRELIMINARY INJUNCTION**

## I.    **FINDINGS**

A.    This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.    The FTC alleges that Defendants have advertised, marketed, and sold workshops, mentoring, and business opportunities ("**Defendants' Products**") to consumers in this District and throughout the United States and that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Business Opportunity Rule, the Cooling-Off Rule, and the CRFA.

C.    This Court has authority to issue this Order pursuant to 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and 28 U.S.C. § 1651.  Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain consent to the entry of this Order and Preliminary Injunction.

D.    No security is required of any agency of the United States for issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

## II.    **DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

A.     "**Corporate Defendants**" means Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, and each of their subsidiaries, affiliates, successors, and assigns.

B.     "**Defendants**" means the Corporate Defendants and the Individual Defendants, individually, collectively, or in any combination.

C.     "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases, and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

D.     "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.  This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud-based" electronic storage.

E.    "**Earnings Claim(s)**" means any representation, specific or general, about income, revenues, financial gains, percentage gains, profit, net profit, gross profit, or return on investment.  Earnings Claims include, but are not limited to: (a) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; (b) any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income (e.g., "earn enough money to buy a Porsche," "earn a six-figure income," or "earn your investment back within one year"); (c) references to quitting one's job, not having to work, or living off income from online sales or real estate investing; (d) references to increased purchases or savings, including a home, cars, boats, vacations, or travel; (e) any statements, claims, success stories, endorsements, or testimonials about the performance or profitability of representatives, endorsers, instructors or customers; and (f) any representation, even hypothetical, of how much money a consumer could or would earn.

F.    "**Individual Defendant(s)**" means Richard Alvarez, Sara Alvarez, Robert Shemin, and Bryce Chamberlain, individually, collectively, or in any combination.

G.    "**Monitor**" means the Monitor over the Corporate Defendants ("**Monitored Entities**") appointed by this Court's June 7, 2023 TRO.  If the Court appoints a receiver in this matter over any Corporate Defendant in a later order, the term "Monitor" will include any such receiver.

H.    "**Monitored Entities**" means Corporate Defendants and any other entity that has conducted any business related to the marketing or sale of Defendants' Products, including receipt of assets derived from any activity that is the subject of the Complaint in this matter, and that the Monitor determines is controlled or owned by any Defendant.  If

the Court appoints a receiver in this matter over any Corporate Defendant in a later order, the term "Monitored Entities" will include any such entity.

I.      "**Person**" means any natural person or any entity, corporation, partnership, or association of persons.

J.      "**Receiver**" means the Receiver appointed in this Order and any deputy Receivers that shall be named by the Receiver.

K.      "**Receivership Entities**" means Corporate Defendants and any other entity that has conducted any business related to the marketing or sale of Defendants' Products, including receipt of assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

## III.    PROHIBITED BUSINESS ACTIVITIES

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are preliminarily restrained and enjoined from:

A.      Making any Earnings Claims, unless, the Earnings Claim is non-misleading; and at the time the Earnings Claims are made, Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain: (1) have a reasonable basis for the claim; (2) have in their possession written materials that substantiate the

claimed earnings and that the claimed earnings are typical for consumers similarly situated to those to whom the claim is made; and (3) make the written substantiation for Earnings Claims available upon request to the consumer, potential purchaser or investor, the Receiver, and Plaintiff;

B.      Misrepresenting or assisting others in misrepresenting, expressly or by implication that consumers: (1) will learn everything they need to know at Defendants' three-day workshops to make substantial income through real estate investment or online selling; (2) will complete their first real estate deal during or immediately after the real estate investment workshop; and (3) who pay for and attend a real estate bootcamp will complete a profitable real estate deal at the bootcamp;

C.      Misrepresenting or assisting others in misrepresenting, expressly or by implication that any product:

1. will allow purchasers to earn thousands of dollars in profit without needing a significant amount of money, good credit, or legal immigration status to succeed;

2. are only offered for a limited time;

3. can only be purchased at the workshop;

4. are only offered to selected consumers vetted by Defendants to ensure they will be successful;

5. provide purchasers with 100 percent funding for real estate deals; or

6. provide purchasers with personalized assistance from experts or mentors who will walk consumers through completing real estate deals, including helping them find offers, drafting contracts, and obtaining funding;

D.      Misrepresenting that: (1) Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain need detailed financial information from consumers to determine if the consumers qualify for a mentoring package; and (2) consumers should increase their credit card limits and apply for additional credit cards to finance real estate deals;

E.      Making false testimonials about any product, or failing to disclose that positive reviews of, and testimonials about a product have been from owners, officers, employees, or agents of the Person offering the product for sale;

F.      Providing purchasers of any product with any documents in a language different from the one Defendants or the Person offering the Product for sale used to offer the product for sale, including purchase agreements that outline the cancellation policy and include other material terms of purchase;

G.      Failing to furnish buyers with a fully completed receipt or copy of any contract pertaining to such sale at the time of its execution, which is in the same language as that principally used in the oral sales presentation, a "NOTICE OF CANCELLATION" or "NOTICE OF RIGHT TO CANCEL" in duplicate, that buyers can use to cancel the transaction, and orally inform buyers of their right to cancel the transaction; and

H.      Offering provisions in form contracts that (1) prohibit or restrict individual consumers' ability to communicate reviews, performance assessments, and similar analyses about a seller's goods, services, or conduct; or (2) that impose a penalty or fee against individual consumers who engage in such communications.

## IV.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.    Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, e-mail address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.    Benefitting from or using the name, address, birth date, telephone number, e-mail address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings, or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## V.     PRESERVATION OF RECORDS

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Defendants' Products, marketing, assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, revenues, disbursements, transactions, and use of Defendants' assets.

## VI.    ASSET FREEZE

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain and their agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of

this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any assets that are:

1.  owned or controlled, directly or indirectly, by Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain;

2.  held, in part or in whole, for the benefit of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain;

3.  in the actual or constructive possession of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain; or

4.  owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital,

LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain.

B.      Opening or causing to be opened any safe deposit boxes, commercial mailboxes, or storage facilities titled in the name of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain or subject to access by Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain;

C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.      Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The assets affected by this Section shall include: (1) all assets of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain as of the time this Order is entered, except as detailed below; and (2) assets obtained by Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara

Alvarez, and Robert Chamberlain after this Order is entered if those assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.

**Table 1:  Defendant Chamberlain Accounts Not Subject to the Asset Freeze**

| Financial Institution | Account # |
|---|---|
| Wells Fargo Bank | X9051 |
| Wells Fargo Bank | X9498 |
| Wells Fargo Bank | X3261 |
| Central Bank | X3066 |
| Central Bank | X7232 |
| Central Bank | X1334 |
| Central Bank | X3015 |

**Table 2: Account of Defendants Alvarez Not Subject to the Asset Freeze**

| | Financial Institution | Account # | Amount |
|---|---|---|---|
| 1 | Trustco Bank | x3494 | $45,000 (From HELOC secured by Defendants Alvarez Orlando Residence) |

This Section does not prohibit any transfers to the Monitor or Receiver or repatriation of foreign assets specifically required by this Order.

## VII.   DUTIES OF ASSET HOLDERS OF DEFENDANTS' ASSETS AND OTHER THIRD PARTIES

Any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order, by service or otherwise, that has: (a) held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain or any asset that has been owned or controlled, directly or indirectly, by Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain, is held, in part or in whole, for the benefit of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain, is in the actual or constructive possession of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain, or is owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain; (b) held, controlled,

or maintained custody, through an account or otherwise, of any Document or asset associated with credits, debits, or charges made on behalf of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has extended credit to Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain, including through a credit card account, shall:

A.      Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or asset of any Individual Defendant, as well as all Documents or other property related to such assets, except by further order of this Court; provided, however, that this provision does not prohibit Defendants Richard Alvarez, Sara Alvarez, and Robert Chamberlain from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.      Deny any person, except the Monitor, access to any safe deposit box, commercial mailbox, or storage facility that is titled in the name of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain, either individually or jointly, or otherwise subject to access by Defendants Vision Online, Inc., Ganadores

IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain;

C.      Within five days of receiving a copy of this Order, provide the FTC's counsel a sworn statement setting forth, for each asset or account covered by this Section:

1.  The identification number of each such account or asset;

2.  The balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3.  The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain, or is otherwise subject to access by Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain; and

D.      Upon the request of the FTC's counsel, the Monitor, or the Receiver, promptly provide them with copies of all records or other Documents pertaining to any account or asset covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from

the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mailboxes, and storage facilities.

## VIII.   REPATRIATION AND ACCOUNTING OF FOREIGN ASSETS

Within five days of the service of this Order, Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain shall:

A.      Unless already done, provide the FTC's counsel, the Monitor, and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all assets, Documents, and accounts outside of the United States that are: (1) titled in the name, individually or jointly, of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain; (2) held by any Person for the benefit of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain; or (3) under the direct or indirect control, whether jointly or singly, of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain;

B.     Take all steps necessary to provide the FTC's counsel and the Monitor with access to all Documents and records relating to the accounts or assets described above in subsection A, including signing the Consent to Release of Financial Records appended to this Order as **Attachment A** and serving this Order on any financial institution or other entity holding the assets;

C.     Transfer to the territory of the United States all Documents and assets located in foreign countries that are: (1) titled in the name, individually or jointly, of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain; (2) held by any person or entity for the benefit of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain; or (3) under the direct or indirect control, whether jointly or singly, of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain; and

D.     The same business day as any repatriation: (1) notify the Monitor, the Receiver, and counsel for the FTC of the name and location of the financial institution or other entity that is the recipient of such Documents or assets; and (2) serve this Order on any such financial institution or other entity.

## IX.     NON-INTERFERENCE WITH REPATRIATION

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain and their agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.     Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' assets have been fully repatriated pursuant to this Order.

## X.     CONSUMER CREDIT REPORTS

The FTC's counsel, the Monitor, and the Receiver may obtain credit reports concerning Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain pursuant to the Fair Credit Reporting Act, 15 U.S.C.

§ 1681b(a)(1), and, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## XI.    REPORT OF NEW BUSINESS ACTIVITY

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, limited liability company, or corporation, without first providing the FTC's counsel, the Monitor, and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XII.   APPOINTMENT OF RECEIVER AND DUTIES OF RECEIVER

Mark J. Bernet is appointed as Receiver of the Receivership Entities and any of their affiliates, subsidiaries, successors, and assigns, wherever located with the full powers of an equity receiver.  The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.

The Receiver shall have the following duties and authority:

A.     Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.     Take exclusive custody, control, and possession of all assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.     Take exclusive custody, control, and possession of all Documents or assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.     Conserve, hold, manage, and prevent the loss of all assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those assets.  The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue for, collect, and receive all assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of the Receivership Entities.  Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.  The Receiver shall: divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords, or other log-in credentials); take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely.

F.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Entities, such as rental payments;

H.      Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

I.      Take all steps necessary to prevent the modification, destruction, or erasure of any webpage or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such webpage or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

J.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

K.      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L.      Make an accounting, as soon as practicable, of the assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

M.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O.      Open one or more bank accounts at designated depositories for funds of the Receivership Entities.  The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The Receiver shall serve copies of monthly account statements on all parties;

P.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.      Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the

Receivership Entities or their agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

R.      Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S.      Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.      Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U.      If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court.  Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity; and

V.      If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' webpages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated

with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## XIII.   COMPENSATION OF RECEIVER

The Receiver and all personnel hired by the Receiver, as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIV.   RECEIVER'S BOND

The Receiver shall file with the Clerk of this Court a bond in the sum of **$10,000** with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

## XV.   ACCESS TO BUSINESS PREMISES AND RECORDS

A.   The Receiver, and its representatives, agents, contractors, and assistants, shall continue to have access to the business premises, records, and storage facilities, owned, controlled, or used by the Receivership Entities.  Such locations include, but are not limited to, 733 West Colonial Drive, Orlando, Florida 32804, and any offsite location or commercial mailbox used by the Receivership Entities;

27

B.      Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Entities' premises in order that they may be inspected, inventoried, and copied.  Plaintiff shall return any removed materials to the Receiver within seven business days of completing inventorying and copying, or such time as is agreed upon by Plaintiff and the Receiver;

C.      Plaintiff's access to the Receivership Entities' Documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for Documents served by Plaintiff;

D.      If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than that listed above, including personal residence(s) of any Defendant, then, immediately upon receiving notice of this Order, Defendants and the Receivership Entities shall produce to the Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access.  To prevent the destruction of computer data, upon service of the Order, any such computers or electronic storage devices shall be powered down in the normal course of the operating system used on such devices and shall not be powered up or used until produced for copying and inspection; and

E.      If any communications or records of any Receivership Entity are stored with an Electronic Data Host, such Entity shall, immediately upon receiving notice of this Order, provide the Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third party to attempt to access, the communications or records.

**XVI.   TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, and Sara Alvarez, and any other person with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.      All assets held by or for the benefit of the Receivership Entities;

B.      All Documents or assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.      All Documents of or pertaining to the Receivership Entities;

D.      All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

E.      All assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.      All keys, codes, usernames, and passwords necessary to gain or to secure access to any assets or Documents of or pertaining to the Receivership Entities, including access

to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XVII.   PROVISION OF INFORMATION TO RECEIVER

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, and Sara Alvarez shall immediately provide to the Receiver, unless he or she has already done so pursuant to the TRO:

A.     A list of all Documents pertaining to the Receivership Entities' Earnings Claims and other representations related to the marketing, advertising, promotion, offer for sale, or sale of Defendants' Products, including any such Documents belonging to other persons or entities whose interests are under the direction, custody, or control, or in the possession, of the Receivership Entities.

B.     A list of all assets and accounts of the Receivership Entities, including assets of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any Person other than a Receivership Entity;

C.     A list of all assets and Documents belonging to other Persons whose interests are under the direction, custody, or control, or in the possession of the Receivership Entities;

D.     A list of all locations where Documents of the Receivership Entities are located, and the means to access such Documents within five hours of the Receiver's request;

E.      Access to all Documents of the Receivership Entities including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title Documents, and other papers that relate to the practices charged in the Complaint or Defendants' Products;

F.      Access to all computers, electronic devices, mobile devices, and machines, onsite or remotely, and any cloud account, including specific method to access account (e.g., login credentials), electronic files in any medium, or other data in whatever form used to conduct the business of the Receivership Entities;

G.      Copies of all keys, codes, usernames, and passwords necessary to gain or to secure access to any assets or Documents of the Receivership Entities including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property;

H.      A list of all agents, employees, independent contractors, officers, attorneys, servants, and those Persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

I.      A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XVIII.  COOPERATION WITH THE RECEIVER

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, and Sara Alvarez, the Receivership Entities, and their officers, agents, employees, and attorneys, all other Persons in active concert or participation with any of them, and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, usernames, and passwords required to access any computers, electronic devices, mobile devices, machines, onsite or remotely, and any cloud account, including specific method to access account, or electronic files in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; transferring funds at the Receiver's direction; and producing Documents related to the assets and sales and refunds of the Receivership Entities.  The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies and other financial institutions and depositories of any kind, as well as all common carriers, telecommunications companies, and third-party billing agents.

## XIX.   NON-INTERFERENCE WITH THE RECEIVER

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, and Sara Alvarez, the Receivership Entities, and their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order and any other Person served with a copy of this Order are hereby preliminarily restrained and enjoined from directly or indirectly:

A.      Interfering with the Receiver's efforts to carry out its duties under this Order, including but not limited to interfering with the Receiver's efforts to review Documents or claims related to the Receivership Entities' marketing, advertising, promotion, offer for sale, or sale of the Defendants' Products.

B.      Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the assets or Documents subject to the receivership;

C.      Transacting any of the business of the Receivership Entities;

D.      Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any Documents of the Receivership Entities;

E.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; and

F.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XX.   STAY OF ACTIONS

Except by leave of this Court, during the pendency of the receivership ordered

herein, Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, and Sara Alvarez, their officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, and Sara Alvarez, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the assets or Documents of the Receivership Entities, including, but not limited to:

A.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.      Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of

the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XXI. TRANSFER OF MONITORED ENTITIES' PROPERTY TO THE MONITOR

Defendant Robert Chamberlain and any other person with possession, custody or control of property of, or records relating to, the Monitored Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Monitor in taking and maintaining possession, custody, or control of the assets and Documents of the Monitored Entities and immediately transfer or deliver to the Monitor possession, custody, and control of, the following:

A.     All assets held by or for the benefit of the Monitored Entities;

B.     All Documents or assets associated with credits, debits, or charges made on behalf of any Monitored Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.     All Documents of or pertaining to the Monitored Entities;

D.      All computers, electronic devices, mobile devices, and machines used to conduct the business of the Monitored Entities;

E.      All assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Monitored Entities; and

F.      All keys, codes, usernames, and passwords necessary to gain or to secure access to any assets or Documents of or pertaining to the Monitored Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

## XXII.  PROVISION OF INFORMATION TO THE MONITOR

Defendant Robert Chamberlain shall provide to the Monitor, unless he has already done soon pursuant to the TRO, the following:

A.      A list of all Documents pertaining to the Monitored Entities' Earnings Claims and other representations related to the marketing, advertising, promotion, offer for sale, or sale of Defendants' Products, including any such Documents belonging to other persons or entities whose interests are under the direction, custody, or control, or in the possession, of the Monitored Entities;

B.      A list of all assets and accounts of the Monitored Entities, including assets of the Monitored Entities that are held in any name other than the name of a Monitored Entity or by any Person other than a Monitored Entity;

C.      A list of all assets and Documents belonging to other Persons whose interests are under the direction, custody, or control, or in the possession of the Monitored Entities;

D.      A list of all locations where Documents of the Monitored Entities are located and the means to access such Documents within five hours of the Monitor's request;

E.      Access to all Documents of the Monitored Entities including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title Documents, and other papers that relate to the practices charged in the Complaint or Defendants' Products;

F.      Access to all computers, electronic devices, mobile devices, and machines, onsite or remotely, and any cloud account, including specific method to access account (e.g., login credentials), electronic file in any medium, or other data in whatever form used to conduct the business of the Monitored Entities;

G.      Copies of all keys, codes, usernames, and passwords necessary to gain or to secure access to any assets or Documents of the Monitored Entities including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property;

H.      A list of all agents, employees, independent contractors, officers, attorneys, servants, and those Persons in active concert and participation with the Monitored Entities, or who have been associated or done business with the Monitored Entities; and

I.      A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XXIII.  COOPERATION WITH THE MONITOR

Defendants Robert Chamberlain, the Monitored Entities, and their officers, agents, employees, and attorneys, all other Persons in active concert or participation with any of

them, and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Monitor.  This cooperation and assistance shall include, but is not limited to, providing information to the Monitor that the Monitor deems necessary to exercise the authority and discharge the responsibilities of the Monitor under this Order; providing any keys, codes, user names, and passwords required to access any computers, electronic devices, mobile devices, machines, onsite or remotely, and any cloud account, including specific method to access account, or electronic file in any medium; informing the Monitor of all Persons who owe money to any Monitored Entity; transferring funds at the Monitor's direction; and producing Documents related to the assets and sales and refunds of the Monitored Entities.  The entities obligated to cooperate with the Monitor under this provision include, but are not limited to, banks, broker-dealers, savings and loans institutions, escrow agents, title companies, commodity trading companies, precious metals dealers, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, and other financial institutions and depositories of any kind, as well as all common carriers, telecommunications companies, and third-party billing agents.

## XXIV.  NON-INTERFERENCE WITH THE MONITOR

Defendant Robert Chamberlain, and his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order and any other Person served with a copy of this Order are hereby preliminarily restrained and enjoined from directly or indirectly:

A.     Interfering with the Monitor's efforts to carry out its duties under the TRO, including but not limited to interfering with the Monitor's efforts to review Documents or claims related to the Monitored Entities' marketing, advertising, promotion, offer for sale, or sale of the Defendants' Products;

B.     Transacting any of the business of the Monitored Entities;

C.     Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any Documents of the Monitored Entities;

D.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Monitored Entities; and

E.     Refusing to cooperate with the Monitor or the Monitor's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XXV.  DISTRIBUTION OF ORDER

Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain, and shall, within ten days from the date of entry of this Order, provide the FTC, the Monitor, and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names,

physical addresses, phone number, and e-mail addresses of each such Person who received a copy of the Order.  Furthermore, Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other Persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXVI.  EXPEDITED DISCOVERY

Notwithstanding the provisions of Federal Rules of Civil Procedure 26(d), (f) and 30(a)(2)(A)(iii), and pursuant to Rules 30(a), 33, 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain's assets; (2) the nature, location, and extent of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain's business transactions and operations, including the nature of any substantiation Defendants have for any Earnings Claims; (3) Documents reflecting Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain's business transactions and operations, including Documents reflecting any substantiation

for any Earnings Claims; and (4) compliance with this Order.  The limited expedited discovery set forth in this Section shall proceed as follows:

A.      Plaintiff and the Receiver may take the deposition of parties and non-parties upon forty-eight hours' notice.  The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A) regarding subsequent depositions of an individual or corporation shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted toward the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A), and depositions may be taken by telephone or other remote electronic means;

B.      Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five calendar days of service, provided, however, that three calendar days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format;

C.      Plaintiff and the Receiver may serve upon parties interrogatories that require response within five days after service of the interrogatories;

D.      Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five calendar days of service;

E.      Service of discovery taken pursuant to this Section shall be sufficient if made by facsimile, e-mail, or by personal or overnight delivery;

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the

Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) and (f); and

G.      The parties are exempted from making initial disclosures pursuant to Rule 26(a)(1) until further order of this Court.

## XXVII.  SERVICE OF THIS ORDER

Copies of this Order may be served by any means, including facsimile transmission, e-mail or other electronic messaging, personal or overnight delivery, United States Mail or FedEx, by agents and employees of the FTC, by any law enforcement agency, or by private process server, upon any Defendant or any Person, including any financial institution, that may have possession, custody, or control of any asset or Document of Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC, Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez, and Robert Chamberlain, or that may be subject to any provision of this Order pursuant to Federal Rule of Civil Procedure 65(d)(2).  For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall effect service upon the entire entity.  This Order shall bind Persons that may be subject to any provision of this Order pursuant to Rule 65(d)(2) upon such Person's receipt of actual notice, by personal service or otherwise, of this Order.

## XXVIII.      CORRESPONDENCE AND SERVICE ON THE FTC

For the purpose of this Order, all correspondence and service of pleadings on the FTC shall be addressed to:

> Virginia G. Rosa, Attorney
> J. Ronald Brooke, Jr., Attorney
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, CC-8528

Washington, DC 20580
202-326-3068 (Rosa)
202-326-3484 (Brooke)
vrosa@ftc.gov
jbrooke@ftc.gov

## XXIX. DURATION OF THE ORDER

This Order shall remain in full force and effect until the entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities unless sooner modified or dissolved.

**DONE AND ORDERED** in Orlando, Florida on July 18, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party