# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                                                            Case No: 6:23-cv-1041-WWB-DCI

**VISION ONLINE, INC., GANADORES
IBR, INC., VISION ONLINE DIGITAL,
LLC, VISION ONLINE ENGLISH, LLC,
VISION ONLINE LATINO, LLC,
RICHARD ALVAREZ, SARA
ALVAREZ, ROBERT SHEMIN and
BRYCE CHAMBERLAIN,**

    **Defendants.**

## ORDER

This cause comes before the Court for consideration of the Joint Application for Entry of Stipulated Orders for Permanent Injunction and Monetary Judgment filed by Defendants Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC Vision Online English, LLC, Vision Online Latino, LLC (collectively, the Corporate Defendants), Richard Alvarez, Sara Alvarez, Bryce Chamberlain (collectively, the Settling Defendants), and the Federal Trade Commission (the FTC).  Doc. 114 (the Motion).

The FTC and the Settling Defendants attach to the Motion a proposed Stipulated Final Order as to the Corporate Defendants, Richard Alvarez, and Sara Alvarez (Doc. 114-1) and a separate proposed Stipulated Final Order as to Bryce Chamberlain (Doc. 114-2) (collectively, the Stipulated Final Orders).

Upon due consideration, the Motion is due to be denied because it does not comply with the Local Rules of this Court.  While the FTC and the Settling Defendants characterize the filing

as a "Joint Application," it is still a motion because it requests relief from the Court. As such, the moving parties were required to comply with Local Rule 3.01(a) but have not done so.[1] Specifically, the FTC and the Settling Defendants do not include a statement of the basis for the relief or a legal memorandum in support of the request. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").

Of note, without a legal memorandum, it is not clear which laws the FTC and the Settling Defendants rely upon to support the request for the Court to enter both the permanent injunctions **and** monetary judgments under the FTC Act or any other law.[2] Also, due to the deficiency, the FTC and the Settling Defendants do not address the validity and propriety of other stipulated provisions such as the Court's retention of jurisdiction. *See* Doc. 114-1, 114-2.

Further, the Court's Order on the Preliminary Injunction provides that "[t]his shall remain in full force and effect until the entry of a final judgment adjudicating all the claims and *all the parties'* rights and liabilities unless sooner modified or dissolved." Doc. 52 at 43 (emphasis added).[3] It would follow that the entry of the Permanent Injunction would dissolve the Preliminary Injunction against the Settling Defendants, but it appears that the claim(s) against Defendant

---

[1] On October 2, 2023, the Court denied without prejudice the FTC and Richard and Sara Alvarez's Joint Motion for One-Time Access to the Alvarez Defendants' Safety Box for non-compliance with Local Rule 3.01(a) and (g). Doc. 83.

[2] If it is the FTC and the Settling Defendants' position that the Court should enter the Stipulated Final Orders without review, then the motion must still include authority to support the request in accordance with Local Rule 3.01(a).

[3] The Court does not limit the word "parties" in this section of the preliminary injunction to the Corporate Defendants, Richard and Sarah Alvarez, and Bryce Chamberlain. *See* Doc. 52.

Robert Shemin would go forward. As such, the parties must address the apparent request to alter the terms of the Preliminary Injunction; namely the dissolution of the Preliminary Injunction without entry of final judgment against Robert Shemin.

Finally, the FTC's counsel states that "they conferred via email on January 12, 2024, with counsel for defendant Robert Shemin, and the Receiver" and neither oppose the filing of the Motion." Doc. 114 at 2. That statement does not comply with Local Rule 3.01(g)(2).

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 114) is **DENIED without prejudice**.

**DONE AND ORDERED** in Orlando, Florida on March 6, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties