UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>VISION ONLINE, INC., a Florida corporation, et al.<br><br>    Defendants. | Case No. 6:23-cv-1041-WWB-DCI<br><br>**UNOPPOSED MOTION FOR ENTRY OF PROPOSED STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT ROBERT SHEMIN** |

Plaintiff Federal Trade Commission ("FTC") respectfully submits this Unopposed Motion for Entry of Proposed Stipulated Order for Permanent Injunction and Monetary Judgment **as to Defendant Robert Shemin** ("Settlement Order"). The injunctive relief in the Settlement Order is nearly identical to the injunctive relief as to the other settled Defendants (ECF 174). Like the previous settlement, the Settlement Order also includes monetary relief. If entered by the Court, the Settlement Order would resolve the FTC's case as to Defendant Shemin, the sole remaining Defendant.

I. **BACKGROUND**

On June 5, 2023, the FTC filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief (ECF 1) and moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order ("TRO") against the Defendants (ECF 4). The Complaint alleges that Defendants participated in deceptive and unfair acts and practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the Business Opportunity Rule, the Cooling-Off Rule, and the Consumer Review Fairness Act ("CRFA") in the advertising, marketing,

1

and selling of workshops, mentoring, and business opportunities to consumers through Defendant Vision Online, Inc., dba Ganadores Online[1] and Ganadores Inversiones Bienes Raíces[2] ("collectively "Ganadores"). The Complaint seeks permanent injunctive and equitable relief, including monetary relief to redress injured consumers (ECF 1 at 64).

On June 7, 2023, the Court entered a TRO[3] that enjoined further law violations, froze the Individual Defendants' assets, and placed a monitor over the Corporate Defendants to preserve the possibility of "effective final relief for consumers—including monetary restitution, rescission, or refunds…" (ECF 11). On August 1, 2023, the Court entered a Stipulated Preliminary Injunction ("PI") against Defendant Shemin (ECF 59).

On August 4, 2023, the Receiver appointed pursuant to the PI filed his Initial Report (ECF 62) in which he determined that Ganadores had made unsubstantiated earnings claims to entice consumers to purchase its business opportunities, and that Ganadores could not be operated lawfully and profitably.

On November 18, 2024, the Court entered a Stipulated Permanent Injunction and Monetary Judgment against all the Defendants except Shemin (ECF 174). The FTC and

---

[1] Ganadores Online was Vision Online's first dba and was initially associated with eCommerce coaching products patterned after the packages sold by FBA Stores/Amazing Wealth System ("FBA Stores"). The District of Nevada shut down FBA Stores in 2018. See *FTC v. AWS, LLC*, No. 18-cv-00442-JCM (D. Nev. Filed March 12, 2018).

[2] Ganadores Inversiones Bienes Raíces, Vision Online's second dba, focused on marketing real estate investing mentoring á la Zurixx, which the District of Utah shuttered in 2019. See *FTC v. Zurixx LLC*, No. 2:19-cv-713 (D. Utah filed Sept. 30, 2019).

[3] Among other things, the Court found that, "[t]here is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Business Opportunity Rule, the Cooling-Off Rule, and the CRFA and that the FTC is therefore likely to prevail on the merits of this action." (ECF 11 at 3).

Shemin have now reached a settlement that, if approved by the Court, would fully resolve this litigation.

## II. LEGAL BASIS FOR THE REQUESTED RELIEF

Section 13(b) and Section 19 of the FTC Act authorize the Court to approve the Settlement Order pursuant to the violations alleged in the Complaint.

### A. Section 19 Of the FTC Act Authorizes the Requested Monetary Relief

Section 19(a) allows the FTC to commence a civil action in federal court against "any person, partnership, or corporation" that "violates any rule under this subchapter respecting unfair or deceptive acts or practices … for relief under subsection (b)."[4] Section 19(a)'s reference to "any rule under this subchapter respecting unfair or deceptive acts or practices" relates to Section 18 of the FTC Act, 15 U.S.C. § 57a, the authority that allows the FTC to issue rules with respect to unfair or deceptive acts or practices under the FTC Act.

The Complaint alleges that in advertising, marketing, and selling the Ganadores workshops, mentoring, and business opportunities, Defendants engaged in widespread unfair or deceptive acts or practices in violation of the following sections of the Business Opportunity Rule and the Cooling Off Rule:

| Rule | Section | Complaint Count |
|---|---|---|
| Business Opportunity | 16 C.F.R. § 437.6(d) | Count VII |
| | 16 C.F.R. § 437.4(a) | Count VIII |
| | 16 C.F.R. § 437.4(c) | Count IX |
| | 16 C.F.R. §§ 437.2, 437.3(a), 437.4 | Count X |

---

[4] 15 U.S.C. § 57b(a); *see also FTC v. Simple Health Plans LLC*, 58 F.4th 1322, 1328 (11th Cir. 2023).

3

| Cooling Off Rule | 16 C.F.R. § 429.1 | Count XI |

The Complaint also alleges that Defendants engaged in unfair or deceptive acts or practices in violation of the CRFA (Count XII). Pursuant to 15 U.S.C. § 45b(d)(1), a violation of the CRFA "shall be treated as a violation of a rule" the Commission issued pursuant to Section 18. The Complaint further alleges that the Corporate Defendants operated as common enterprise led by the Individual Defendants.

Section 19(b) of the FTC Act allows the FTC to seek, and the Court to grant, monetary relief, including consumer redress, for rule violations, such as those discussed above.[5] The Court is authorized to grant, and indeed has already granted in this matter, "such relief as [it] finds necessary to redress injury to consumers," which "may include … rescission or reformation of contracts [and] refund of money."[6]

The FTC alleges that Defendants' scheme was permeated with deception and used false and unsubstantiated earnings claims, and that those claims were material in convincing consumers to purchase Defendants' business opportunities.[7] The FTC's

---

[5] 15 U.S.C. § 57b(b). *See, e.g.*, *FTC v. Simple Health Plans LLC*, 58 F.4th 1322, 1328 (11th Cir. 2023) ("Section 13(b) … allows for prospective injunctive relief … Section 19, on the other hand, allows for relief 'necessary to redress injury to consumers.'"); *FTC v. Romero*, 2022 WL 4095424, at *4 (M.D. Fla., June 29, 2022); *FTC v. Capital Choice Consumer Credit*, 2004 U.S. Dist. LEXIS 32306, at *117 (S.D. Fla., Feb. 20, 2004) ("Section 19(b) … provides restitutionary relief for violations of FTC Rules."); *FTC v. Southwest Sunsites, Inc.*, 665 F.2d 711, 719–20 (5th Cir. 1982) ("final, complete relief in this case may entail consumer redress through a Section 19 proceeding").

[6] *Id*. *See also* this Court's Order dated November 18, 2024 (ECF 174) (monetary judgment against the other eight Defendants in this case).

[7] *See, e.g.*, ECF 1 ¶¶ 55, 66, 156–157 (Deceptive and Untrue Testimonials and Reviews); Count I False or Unsubstantiated Earnings Claims, ¶¶ 161–163; Count II Misrepresentations Regarding Ganadores Workshops, ¶¶ 164–167; Count III Misrepresentations Regarding Ganadores Mentoring Packages and Other Services, ¶¶ 170; Count IV Misrepresentations Regarding Defendants' Need for Consumers' Financial

allegations are supported by complaints from numerous consumers, undercover shops, and Defendants' business records.[8]

Section 19 includes a three-year statute of limitation. 15 U.S. Code § 57b(d).   The judgment in the Settlement Order represents the total gross income (total sales minus refunds and chargebacks) generated by Defendant Vision Online while Shemin was working with Ganadores. The Settlement Order would impose a monetary judgment of $20,268,895 to be used for consumer redress, for which Shemin would be jointly and severally liable with the rest of the Defendants.[9] The judgment amount is based on the

---

Information, ¶¶ 171–174; Count V Deceptive Reviews and Testimonials, ¶¶ 175–177; Count VII Misrepresentations Regarding Income or Profits, ¶¶ 190–191.

[8] *See, e.g.,* PX 5A Translation of Declaration of Angel Diaz attached to Plaintiffs' Emergency Ex Parte Motion for Temporary Restraining Order with Asset Freeze, Appointment of Temporary Monitor, Other Equitable Relief, and Order to Show Cause Why A Preliminary Injunction Should Not Issue, and Memorandum in Support Thereof, ECF 4 ("TRO Memo") ("Diaz") and PX 11 Declaration of Roberto Perez attached to TRO Memo, ¶ 7 (Robert Shemin claimed to operate several Airbnbs, said how easy it was to be successful and make a profit by investing in real estate, and that you did not need cash or credit, to speak English, or even legal immigration status, to make money in real estate); PX 140, Declaration of FTC Investigator Diana Shiller attached to TRO Memo ("Shiller I") ¶ 264; ECF 159-1, Declaration of FTC Investigator Diana Shiller attached to Renewed Joint Motion for Entry of Stipulated Order for Permanent Injunction and Monetary Judgment ("Shiller II") ¶ 55; Monitor's / Receiver's Initial Report ("Receiver's Report") (ECF 62 at 3) (after reviewing the Corporate Defendants' records and interviewing their employees, the Receiver determined that Ganadores had made unsubstantiated earnings claims, and that the company could not be operated lawfully and profitably (ECF 62 at 3).

[9] Sections VIII-IX of the Settlement Order. Defendant Shemin has represented to the FTC, through documents and sworn testimony, that he does not have assets sufficient to pay the full judgment amount. Thus, the balance of the judgment would be suspended after Defendant Shemin transfers to the FTC the assets he has agreed to relinquish under the Settlement Order.

Corporate Defendants' records and was calculated by adding Vision Online's gross income for 2021-2022, as presented in the Receiver's August 4, 2023 report.[10]

### B. The Court has the Authority to Enter the Requested Injunctive Relief

Section 13(b) of the FTC Act provides that, "in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction."[11] The test of whether a permanent injunction is appropriate "is whether 'the defendant's past conduct indicates that there is a reasonable likelihood of further violations in the future."[12] To assess the likelihood of future misconduct, courts consider "the egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of his conduct, and the likelihood that the defendant's occupation will present opportunities for future violations."[13]

The FTC submits that the evidence shows a reasonable likelihood of future violations by Defendant Shemin absent the injunctive relief in the Settlement Order. First, the FTC believes that Shemin's alleged conduct was egregious. He deceptively marketed real estate investment coaching for well over a decade. The Ganadores scheme was a virtual copycat, repackaged in Spanish, of the deceptive Zurixx and FBA Stores schemes

---

[10] ECF 62 at 13, income table. *See also* Declaration of FTC Investigator Diana Shiller attached hereto as Attachment A ("Shiller III") at ¶¶ 9-10.

[11] 15 U.S.C. § 53(b).

[12] *FTC v. Lalonde*, 545 F. App'x 825, 841 (11th Cir. 2013) (quoting *CFTC v. Wilshire Inv. Mgmt. Corp.*, 531 F.3d 1339, 1346–47 (11th Cir. 2008)).

[13] *FTC v. RCA Credit Servs., LLC*, 727 F. Supp. 2d 1320, 1335 (M.D. Fla. 2010) (quoting *SEC v. Carriba Air, Inc.*, 681 F.2d 1318, 1322 (11th Cir. 1982)). *See also FTC v. Higher Goals Mktg. LLC*, 2019 U.S. Dist. LEXIS 206314, at *21 (M.D. Fla. Nov. 6, 2019).

that courts shut down following FTC enforcement actions.[14] Richard Alvarez began Ganadores Online with its eCommerce mentoring product shortly after FBA Stores was closed down. Shemin worked with Richard Alvarez as a vendor, salesperson, sales closer, and presenter for Zurixx and pocketed more than $2,300,000 as a result.[15] Shemin worked for Zurixx until it was shuttered.[16] He then partnered with Richard Alvarez to run Ganadores and helped manage the day-to-day operations of the Ganadores scheme.[17] The eCommerce Ganadores Online purchase contracts were redrafted to include a reference to a "Real Estate Elite" package.[18] The terms and conditions provided that consumers were entering into agreements with both Ganadores Online and

---

[14] The Defendants used the same skills to lead consumers down similar sales funnels in marketing mentoring products in the real estate and eCommerce fields, and thus fencing-in relief is appropriate. "If a defendant is found in violation of the FTC Act, then the defendant must expect some fencing in." *FTC v. Romero*, 658 F.Supp.3d 1129, 1147 (M.D. Fla., Feb. 27, 2023) (internal citations omitted). *See also RCA Credit Servs.*, LLC, 727 F. Supp. 2d at 1335 (citing *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 395 (1965) ("The Commission is not limited to prohibiting the illegal practice in the precise form in which it is found to have existed in the past. Having been caught violating the [FTC] Act, respondents must expect some fencing in.") (internal quotation marks and citations omitted)). This Court has granted similar relief in past FTC cases. *See FTC v. GDP Network LLC*, No. 6:20-cv-1192-WWB-DCI (M.D. Fla. July 10, 2020) and *FTC v. Qualpay, Inc.*, No. 6:20-cv-00945-WWB (M.D. Fla. June 1, 2020). Courts in this district have also ordered similar relief. *See FTC, et al, v. Treashonna P. Graham, et al.*, No. 3:22-cv-655-MMH-JBT (M.D. Fla., Jan. 1, 2023) and *FTC v. Michael Rando, et al*, No. 3:22-cv-487-TJC-MCR (M.D. Fla. Jan. 10, 2023). Compare PX 140 Shiller I ¶¶ 196, 197, 198, 204, and 263 (Zurixx use of "Investment Cards," Shemin making same $100,000 income claim at Zurixx events (¶¶ 197, 198), Chamberlain using almost verbatim language at Zurixx event (¶ 196) and Ganadores event (¶ 263)).

[15] PX 140 Shiller I ¶ 195.

[16] PX 140 Shiller I, ¶¶ 201-203.

[17] *See* PX 14 Declaration of Ashley Sica attached to TRO Memo ("Sica") ¶¶ 20, 30 (Shemin introduced as Alvarez's partner in Ganadores). *See also* Shiller III ¶ 5.

[18] *See* Shiller III ¶ 6-9, Attachments E - J.

Shemin.[19] Many of these contracts carried Shemin's signature.[20]

Defendants directed their conduct toward Spanish-speaking consumers with ads representing that Ganadores would reveal to consumers the secrets to generating "substantial income."[21] Shemin played a leading role in Defendants' marketing videos and social media posts, where he portrayed himself as a successful real estate investor.[22] Defendants routinely advertised that Shemin would train consumers who attended the real estate investing workshops or purchased a real estate investing mentoring package.[23] The record demonstrates that Defendants' representations, including those made by Shemin, were deceptive and lacked substantiation.[24] As a result, numerous consumers lost thousands of dollars each to the Ganadores scheme, settling many of them with crushing debt.[25]

---

[19] *See* Shiller III ¶ 6-9.

[20] See Shiller III ¶ 10, Attachments H, I and J.

[21] Monitor's / Receiver's Initial Report ("Receiver's Report") (ECF 62, p. 12, 13, 24).

[22] *See* PX 140 ¶ 97.

[23] For example, *see* PX 10 ¶¶ 18 Ortega. S*ee also, e.g.,* PX 12 Attachment 3 Sica (Ganadores Purchase agreement notes purchasers will receive "Weekly training webinars with Robert Shemin and his team.")

[24] ECF 62, p. 26, n. 21, 29.

[25] *See, e.g.,* PX 6 Declaration of Gabriel Garcia attached to TRO Memo ("Garcia") ¶ 93 ("My wife and I lost our retirement savings, are maxed out on our credit cards, and were not able to close a single real estate deal, even though we did everything Ganadores IBR told us to do."); PX 7A Declaration of John Hurtado attached to TRO Memo ("Hurtado") ¶ 91 ("Purchasing the Ganadores' VIP package was the worst financial decision of my life. The credit card debt that my wife and I have because of Ganadores has us on the edge of a financial crisis."); PX 13A S. Sanchez ¶ 76 ("[P]urchasing the Ganadores' mentoring package left me with tens of thousands of dollars in debt."); PX 14 Sica ¶ 88 ("During these six months of enrollment in Ganadores, we did not make any money or close any deals. Instead, we lost $12,997 and spent hours attending unhelpful webinars and trying to contact Ganadores. This was a huge loss for us, as we had used our house down payment money to cover the program tuition. Now Jose and I are stuck having to pay

Second, the violations alleged in the Complaint were not isolated events. Rather, the FTC alleges, and the evidence shows, that Defendants' conduct occurred across the country for several years. The evidence demonstrates that Shemin made deceptive earnings claims, including false claims about the wealth or financial freedom he had obtained through real estate investing.[26] Shemin has not been able to produce to the FTC, and the Receiver was unable to locate, any evidence that supports any of the earnings claims associated with Shemin or that Shemin "personally generated any substantial revenues by investing in real estate."[27]

Third, the FTC believes that Shemin's involvement with the Zurixx scheme, right until it was shut down by an FTC enforcement action, show that Shemin was well aware that deceptive earnings claims were prohibited by law, and thus acted with a high degree of scienter in this matter. In October 2019, Shemin received a notice from Zurixx titled "Prohibited Statements for Seminar Instructors."[28] The notice was created to comply with

---

back this loan. We have been having a very tough financial year because of this."); ECF 135-4 Declaration of Yady Bedoya, attached to Amended Response to Renewed Fee Motion ("Bedoya") ¶ 29 ("We have personal debts that we did not have before joining Ganadores. I have lost approximately $25,000.").

[26] PX 5A Diaz ¶24 ("During the second and third days of the seminar, Alvarez and Shemin spoke together at times with so much enthusiasm and charm that greatly energized people, especially me. While neither of them ever explicitly stated they were millionaires, it was easy for students to make that assumption based on the number of properties the two had purchased and sold. They both repeatedly referred to the Ganadores "system," and claimed that students would make a lot of money if they followed this "system." They stated that anyone could do this type of business.") Diaz ¶25 ("Alvarez and Shemin also shared stories about purchasing and renting plots of land and then building from scratch.").

[27] Receiver's Report (ECF 62 at 30).

[28] PX 140 Shiller I ¶ 201.

the TRO entered against Zurixx in the FTC enforcement action.[29] The notice instructed presenters and instructors, like Shemin, not to make earnings claims and not to represent that consumers would learn everything they need to know at the workshop to make money in real estate.[30] Nevertheless, Shemin and the other Ganadores Defendants used the very same illegal tactics at issue in the Zurixx case in executing their scheme. For these reasons, the injunctive relief in the Settlement Order is justified and warranted.[31]

### C. Rule 65 Authorizes the Court to Grant Relief Against Defendant Shemin's Agents, Employees, And Other Persons In Active Concert Or Participation With Them

Sections IV through VII and Section X of the proposed Settlement Order seeks narrowly tailored injunctions against persons in "privity" with Defendant Shemin, such as those listed in Federal Rule of Civil Procedure 65(d), including officers, agents, and employees. Rule 65 allows the Court to grant such a relief against Defendant Shemin's agents, employees, and all other persons in active concert or participation with him to

---

[29] PX 75 F01-ZUR-001469294_native_Redacted (email to Defendant Shemin from Ann Pett, Lead Sales Coordinator for Zurixx forwarding Compliance Memo to Preview and Workshop Teams from Zurixx CEO, who states that purpose of the memo is to show "100% compliance with the [Zurixx] TRO), attached as an exhibit to Shiller I ¶ 202.

[30] PX 76 F01-ZUR-001469294, attached as an exhibit to Shiller I ¶ 202; *see also* Shiller I ¶ 203, reciting relevant content of the Zurixx memo. The memo also barred presenters and instructors from stating that consumers should open new credit cards to pay for training or real estate deals. Nevertheless, Ganadores and Shemin routinely instructed consumers to do so.

[31] The only distinction between the injunctive relief in this Settlement Order and ECF 174 is language clarifying that Section III's prohibition on marketing real estate and eCommerce coaching permits Defendant Shemin speak about or discuss his experience in real estate investing and eCommerce. ECF 174 implicitly permits this speech as well, which is protected by the First Amendment.

10

ensure that Defendant Shemin "may not nullify [the injunction] by carrying out prohibited acts through aiders and abettors [that] were not parties to the original proceeding."[32] Indeed, in the case at issue the FTC alleges, and the evidence shows, that Shemin furthered Ganadores' illegal conduct through "coaches" who worked under his supervision or received instructions from him.

### III. CONCLUSION

For the foregoing reasons, the Court has authority to grant the relief included in the proposed Settlement Order.

---

[32] *FTC v. Leshin*, 618 F.3d 1221, 1235–36 (11th Cir. 2010) (quoting Fed. R. Civ. P. 65(d)(2)) (quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945)).

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certify that they have consulted with all parties and/or their counsel concerning the relief requested herein and certify that all advise they do not object to the requested relief.

Respectfully submitted.                    Date:   June 20, 2025

>                    /s/  Virginia Rosa_____
>                    Virginia Rosa
>                    J. Ronald Brooke, Jr.
>                    Federal Trade Commission
>                    600 Pennsylvania Ave, NW
>                    Mailstop CC-8528
>                    Washington, DC 20580
>                    (202) 326-3068 / vrosa@ftc.gov
>                    (202) 326-3484 / jbrooke@ftc.gov
>                    (202) 326-3395 (fax)
>                    *Attorneys for Plaintiff*
>                    *Federal Trade Commission*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 20, 2025, a copy of the foregoing document was served on the following *pro se* party via email and counsel of record via the CM/ECF system:

Robert Shemin
shemin.robert@gmail.com

*Pro Se*

Mark J. Bernet
Akerman LLP
401 E. Jackson Street
Suite 1700
Tampa, FL 33602
phone (813) 209-5026
fax (813) 223-2837
mark.bernet@akerman.com

*Receiver*


    */s/ Virginia Rosa*
Virginia Rosa
Attorney for Plaintiff