**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.                               Case No.: 6:23-cv-1041-WWB-DCI

ROBERT SHEMIN,

        Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Unopposed Motion for Entry of Proposed Stipulated Order for Permanent Injunction and Monetary Judgment as to Defendant Robert Shemin (Doc. 216).  Therein, Plaintiff Federal Trade Commission ("**FTC**" or "**Commission**") requests the entry of a stipulated order of permanent injunction and monetary judgment pursuant to 15 U.S.C. §§ 53(b) and 57b and asks the Court to retain jurisdiction to enforce the same.

Pursuant to § 53(b), "in proper cases the Commission may seek, and *after proper proof*, the court may issue, a permanent injunction."  (emphasis added).  "It is well-settled that 'permanent injunctive relief is appropriate if the defendant's past conduct indicates that there is a reasonable likelihood of further violations in the future.'"  *Fed. Trade Comm'n v. Fleetcor Techs., Inc.*, 620 F. Supp. 3d 1268, 1344 (N.D. Ga. 2022) (quoting *Fed. Trade Comm'n v. USA Fin., LLC*, 415 F. App'x 970, 975 (11th Cir. 2011)).  Having considered the relevant factors and the arguments and evidence presented by the FTC, the Court finds that the FTC has presented sufficient evidence of a likelihood of future violations by Defendant to warrant the entry of permanent injunctive relief in this case.

*See Fleetcor Techs.*, 620 F. Supp. 3d at 1344–46. As to the request for monetary judgment, the Court also finds the requested relief is proper under § 57b. Accordingly, these requests will be granted as set forth herein.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Unopposed Motion for Entry of Proposed Stipulated Order for Permanent Injunction and Monetary Judgment as to Defendant Robert Shemin (Doc. 216) is **GRANTED**.

2.  The claims against Defendant Robert Shemin are **DISMISSED with prejudice** pursuant to this Order and Permanent Injunction.

3.  The Clerk is directed to lift the stay and administrative closure of this case.

4.  This Court makes the following findings:

    a.  This Court possesses jurisdiction over the parties and subject matter of this cause.

    b.  The parties affected by this Order and Permanent Injunction consent to this Permanent Injunction's entry and final judgment to resolve all matters in dispute between them.

5.  The following Permanent Injunction is entered:

## PERMANENT INJUNCTION

### I.    DEFINITIONS

For the purpose of this Permanent Injunction, the following definitions shall apply:

A.    "**Business Opportunity**" means a commercial arrangement in which:

1.  A Seller solicits a prospective Purchaser to enter into a new business; and

2.  The prospective Purchaser makes a required payment; and

3.  The Seller, expressly or by implication, orally or in writing, represents that the Seller or one or more Designated Persons will:

    a.  Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the Purchaser; or

    b.  Provide outlets, accounts, or customers, including, but not limited to, Internet outlets, accounts, or customers, for the Purchaser's goods or services; or

    c.  Buy back any or all of the goods or services that the Purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including, but not limited to, providing payment for such services as, for example, stuffing envelopes from the Purchaser's home.

B. "**Defendants**" means Robert Shemin, Richard Alvarez, Sara Alvarez, Bryce Chamberlain, Ganadores IBR, Inc., Vision Online, Inc., Vision Online Digital, LLC, Vision Online English, LLC, and Vision Online Latino, LLC.

C. "**Designated Person**" means any person, other than the Seller, whose goods or services the Seller suggests, recommends, or requires that the Purchaser use in establishing or operating a new business.

D. "**Document**" is synonymous in meaning and equal in scope to the usage of

"document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of the term.

E.  "**Earnings Claim(s)**" means any representation, expressly or by implication, about income, revenues, financial gains, percentage gains, profit, net profit, gross profit, or return on investment. Earnings Claims include, but are not limited to: (a) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; (b) any statements from which a prospective consumer can reasonably infer that he or she will earn a minimum level of income (e.g., "earn enough money to buy a Porsche," "earn a six-figure income," or "earn your investment back within one year"); (c) references to earning sufficient income to enable a prospective consumer to quit one's job, no longer work, or live off income from the good or service sold; (d) any statements or claims

regarding income made by representatives, endorsers, or instructors, including
any reference to the aforementioned individuals making sufficient income to
purchase a home, cars, boats, vacations, or travel; and (e) any representation of
how much money a consumer could or would earn.

F.  "**eCommerce Coaching Program**" means any product or service, including
any program or plan, including those that are Business Opportunities, that is
represented, expressly or by implication, to coach, train, or teach a consumer
or a Purchaser how to make money by establishing, operating, or improving an
online store.   This definition does not include books on eCommerce, in any
form.

G.  "**Investment Opportunity**" means anything, tangible or intangible, that is
offered, offered for sale, sold, or traded based wholly or in part on
representations, either express or implied, about past, present, or future
income, profit, or appreciation.

H.  "**Person**" means any natural Person or any entity, corporation, partnership, or
association of persons.

I.  "**Pictorial**" includes pictures, photographs, video, illustrations, and symbols.

J.  "**Prohibited Agreement Provision**" means a contract provision used in the
course of selling or leasing goods or services that:

1.  prohibits or restricts the ability of a Person who is a party to the contract
    to engage in a Relevant Communication;

2.  imposes a penalty or fee against a Person who is a party to the contract
    for engaging in a Relevant Communication; or

3. transfers, or requires a Person who is a party to the contract to transfer, to any other Person any intellectual property rights in a Relevant Communication, with the exception of a non-exclusive license to lawfully use a Relevant Communication about a Defendant's goods, services, or conduct.

K. "**Provide locations, outlets, accounts, or customers**" means furnishing the prospective Purchaser with existing or potential locations, outlets, accounts, or customers; requiring, recommending, or suggesting one or more locators or lead generating companies; collecting a fee on behalf of one or more locators or lead generating companies; offering to furnish a list of locations; or otherwise assisting the prospective Purchaser in obtaining his or her own locations, outlets, accounts, or customers, provided, however, that advertising and general advice about business development and training shall not be considered as "providing locations, outlets, accounts, or customers."

L. "**Purchaser**" means a Person who buys a Business Opportunity or Investment Opportunity.

M. "**Real Estate Coaching Program**" means any product or service, including any program or plan, including those that are Business Opportunities, that is represented, expressly or by implication, to train or teach a consumer how to make money through investing in or buying and selling real estate. This definition does not include books on real estate investing, in any form,

N. "**Relevant Communication**" means a written, oral, or Pictorial review, performance assessment, or other similar analysis of goods or services, including

conduct related to the goods or services.

O.  "**Seller**" means a Person who offers for sale or sells a Business Opportunity.

## II.     PROHIBITION CONCERNING ECOMMERCE COACHING PROGRAMS AND REAL ESTATE COACHING PROGRAMS

Robert Shemin is permanently restrained and enjoined from advertising, marketing, distributing, promoting, offering for sale, or selling, or assisting in the advertising, marketing, distributing, promoting, offering for sale, or selling, of any eCommerce Coaching Program or Real Estate Coaching Program, even if it also is a Business Opportunity.  Provided, however, that, subject to the limitations prescribed above in this Section, nothing in this Order and Permanent Injunction shall otherwise prohibit Robert Shemin from speaking about or discussing his experiences in real estate investing or eCommerce.

## III.    PROHIBITION CONCERNING EARNINGS CLAIMS

Robert Shemin and his officers, agents, and employees, and all other persons in active concert or participation with them, who receive actual notice of this Order and Permanent Injunction by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are permanently restrained and enjoined from making any Earnings Claim or assisting others in making Earnings Claims, expressly or by implication, unless:

A.  The Earnings Claim is non-misleading;

B.  At the time the Earnings Claim is made, Robert Shemin:

1.  has a reasonable basis for the claim;

2.  has in his possession written materials that substantiate for the claimed

earnings and that the claimed earnings are typical for consumers
similarly situated to those to whom the claim is made; and

3. makes the written substantiation for Earnings Claims available upon
request to the consumer, potential Purchaser or investor, and the FTC;
and

C. Any earnings that form the basis for the Earnings Claims were achieved in
compliance with the law.

## IV.    OTHER PROHIBITED BUSINESS PRACTICES

Robert Shemin and his officers, agents, and employees, and all other persons in
active concert or participation with them, who receive actual notice of this Order and
Permanent Injunction by personal service or otherwise, whether acting directly or
indirectly, in connection with the advertising, marketing, promoting, or offering for sale of
any good or service, are permanently restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by
implication:

1. That consumers will learn everything they need to know to make
substantial income at a workshop or event;

2. That a good or service:

a. will allow consumers to earn thousands of dollars in profit without
needing a significant amount of money, good credit, or legal
immigration status to succeed;

b. is offered only for a limited time, can be purchased only at a
particular event, or is offered only to selected consumers who are

vetted to ensure they will be successful; or

    c.  provides consumers with personalized assistance from experts or mentors.

3.  That they need detailed financial information from consumers to determine if the consumers qualify for a good or service;

4.  That Purchasers will receive financing by purchasing a Business Opportunity or Investment Opportunity; or

5.  Any other fact material to consumers concerning a good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

B.  Advising consumers to increase their credit card limit or apply for additional credit cards to finance the purchase of any Business Opportunity or Investment Opportunity;

C.  Failing to ensure that any testimonials they use are truthful and non-misleading;

D.  Failing to disclose whether any positive reviews of, or testimonials about, a good or service have been from owners, officers, employees, or agents of the Person offering the good or service for sale;

E.  Providing consumers with any Documents in a language different from the one used to offer the good or service, including purchase agreements that outline the cancellation policy and include other material terms of purchase, provided, however, that Robert Shemin may provide documents to consumers in both English and the language of the offer simultaneously.

## V.    PROHIBITION AGAINST VIOLATING THE DISCLOSURE REQUIREMENTS OF THE COOLING-OFF RULE

Robert Shemin and his officers, agents, and employees, and all other persons in active concert or participation with them, who receive actual notice of this Order and Permanent Injunction by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling, or assisting in the advertising, marketing, distributing, promoting, offering for sale, or selling, of any goods or services, are permanently restrained and enjoined from failing to:

A. Furnish buyers with a fully completed receipt or copy of any contract pertaining to such sale at the time of its execution, which is in the same language as that principally used in the oral sales presentation provided, however, that nothing herein shall prohibit Robert Shemin from providing the aforementioned documents to buyers in multiple languages.

B. Furnish a "NOTICE OF CANCELLATION" or "NOTICE OF RIGHT TO CANCEL" in duplicate, that buyers can use to cancel the transaction, in accordance with 16 C.F.R. § 429.1, and

C. Orally inform buyers of their right to cancel the transaction.

## VI.    PROHIBITIONS CONCERNING CONSUMER REVIEWS AND COMPLAINTS

Robert Shemin and his officers, agents, and employees, and all other persons in active concert or participation with them, who receive actual notice of this Order and Permanent Injunction by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling, or assisting in the advertising, marketing, distributing, promoting, offering for sale,

or selling, of any good or service, are permanently restrained and enjoined from:

A. Prohibiting or restricting individual consumers' ability to communicate reviews, performance assessments, and similar analyses about goods, services, or conduct they have purchased;

B. Imposing a penalty or fee against individual consumers who engage in such communications;

C. Suppressing the availability of truthful or non-defamatory negative comments or reviews of Robert Shemin, or any of his goods or services, agents, or employees through any means, including threats, intimidation, non-disparagement clauses, conditioning refunds, and suppression of online content;

D. Offering to any prospective customer a contract, or offering to any customer a renewal contract, that includes a Prohibited Agreement Provision;

E. Requiring that a customer accept a Prohibited Agreement Provision as a condition of Robert Shemin's fulfillment of his obligations under a customer contract; or

F. Requiring that a customer accept a Prohibited Agreement Provision as a condition of a receiving a refund or Robert Shemin not opposing a chargeback; or

G. Representing, including through any notice, warning, threat to enforce, or attempt to enforce, to any purchaser of any good or service—regardless of when purchased—that any contract:

1. Prohibits consumers from speaking about or publishing truthful or non-

defamatory negative comments or reviews about Robert Shemin, or his

goods, services, agents, or employees; or

2. Imposes any precondition, penalty, or fee on consumers speaking about

or publishing any comments or reviews about Robert Shemin, or his

goods, services, agents, or employees.

Nothing in this Section shall require Robert Shemin to publish or host the content

of any person, affect any other legal duty of a party to a contract, or affect any cause of

action arising from the breach of such duty.

## VII.    MONETARY RELIEF

A judgment in the amount of **$20,268,895.00** is entered in favor of the Commission

against Robert Shemin as monetary relief.  This judgment is joint and several with the

judgment against Vision Online, Inc., Ganadores IBR, Inc., Vision Online Digital, LLC,

Vision Online English, LLC, Vision Online Latino, LLC, Richard Alvarez, Sara Alvarez,

and Bryce Chamberlain included in Section VII of this Court's November 18, 2024 Order

and Permanent Injunction (Doc. 174).

Robert Shemin is ordered to pay to the Commission **$15,000**.  Robert Shemin or

his representative shall effect the transfer of $15,000 to the Commission by electronic

fund transfer in accordance with instructions previously provided by a representative of

the Commission within seven days of the entry of this Order and Permanent Injunction.

Upon the payment described in this paragraph, the remainder of the judgment is

suspended, subject to the Subsections below.

A. The Commission's agreement to the suspension of part of the judgment is

expressly premised upon the truthfulness, accuracy, and completeness of

Robert Shemin's sworn financial statements and related documents (collectively, "**Financial Attestations**") submitted to the Commission, namely:

1. the Financial Statement of Individual Defendant Robert Shemin signed on July 7, 2023, including the attachments and supplements;

2. the supplemental information submitted by Robert Shemin's counsel Jason McNeill to the Commission dated July 11, 2023;

3. the additional documentation submitted by Robert Shemin's counsel Craig Hansen to the Commission dated July 11, 2023;

4. the additional documentation submitted from Robert Shemin's counsel Craig Hansen on July 17, 2023;

5. the additional documentation submitted from Robert Shemin's counsel Craig Hansen on July 19, 2023;

6. the additional documentation submitted from Robert Shemin's counsel Craig Hansen on July 21, 2023;

7. the additional documentation submitted from Robert Shemin's counsel Craig Hansen on August 4, 2023;

8. the additional documentation submitted from Robert Shemin's counsel Craig Hansen on September 26, 2023;

9. the additional documentation submitted from Robert Shemin's counsel Craig Hansen on April 16, 2024;

10. the additional documentation submitted by Robert Shemin on December 18, 2024;

11. the updated Financial Statement of Individual Defendant Robert Shemin

signed on April 2, 2025;

12. the additional documentation submitted by Robert Shemin on April 9, 2025.

B.  The suspension of the judgment will be lifted as to Robert Shemin if, upon motion by the Commission, the Court finds that Robert Shemin failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the Financial Attestations identified above.

C.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to Robert Shemin in the amount specified above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section or any judgment against any other Defendant in this case, plus interest computed from the date of entry of this Order and Permanent Injunction.

## VIII.  ADDITIONAL MONETARY PROVISIONS

A.  Robert Shemin relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and Permanent Injunction and may not seek the return of any assets.

B.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order and Permanent Injunction, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Robert Shemin acknowledges that his Taxpayer Identification Number (Social Security Number or Employer Identification Number), which he previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order and Permanent Injunction, in accordance with 31 U.S.C. §7701.

E. All money received by the Commission pursuant to this Order and Permanent Injunction may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Robert Shemin has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F. The asset freeze imposed by the August 1, 2023 Preliminary Injunction Order (Doc. 59), is modified to permit the payments identified in this Order and

Permanent Injunction.  Upon completion of that payment, the asset freeze as to Robert Shemin is dissolved.

## IX.    CUSTOMER INFORMATION

Robert Shemin and his officers, agents, and employees, and all other persons in active concert or participation with them, who receive actual notice of this Order and Permanent Injunction by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly:

A.  Disclosing, using, or benefitting from customer information, including the name, address, telephone number, e-mail address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Robert Shemin obtained prior to entry of this Order and Permanent Injunction in connection with the advertising, marketing, promoting, offering for sale, or selling of Defendants' Products; and

B.  Failing to destroy such customer information in all forms in his possession, custody, or control within 7 days of entry of this Order and Permanent Injunction.

## X.    ORDER ACKNOWLEDGMENTS

Robert Shemin shall obtain acknowledgments of receipt of this Order and Permanent Injunction as follows:

A.  Robert Shemin, within 7 days of entry of this Order and Permanent Injunction, must submit to the Commission an acknowledgment of receipt of this Order and Permanent Injunction sworn under penalty of perjury.

B. For 5 years after entry of this Order and Permanent Injunction, Robert Shemin
for any business for which Robert Shemin, individually or collectively with any
other person, is the majority owner or controls directly or indirectly, must deliver
a copy of this Order and Permanent Injunction to: (1) all principals, officers,
directors, and LLC managers and members; (2) all employees having
managerial responsibilities for conduct related to the subject matter of the
Order and Permanent Injunction and all agents and representatives who
participate in conduct related to the subject matter of the Order and Permanent
Injunction; and (3) any business entity resulting from any change in structure
as set forth in the Compliance Reporting Section.  Delivery must occur within 7
days of entry of this Order and Permanent Injunction for current personnel.  For
all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Robert Shemin delivered a copy of this
Order and Permanent Injunction, he must obtain, within 30 days, a signed and
dated acknowledgment of receipt of this Order and Permanent Injunction.

## XI.    COMPLIANCE REPORTING

Robert Shemin shall make timely submissions to the Commission as follows:

A. One year after entry of this Order and Permanent Injunction, Robert Shemin
must submit a compliance report, sworn under penalty of perjury:

1. Robert Shemin must: (a) identify the primary physical, postal, and e-mail
address and telephone number, as designated points of contact, which
representatives of the Commission may use to communicate with him;
(b) identify all of Robert Shemin's businesses by all of their names,

telephone numbers, and physical, postal, e-mail, and Internet addresses; (c) describe the activities of each business, including the goods or services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Robert Shemin must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Robert Shemin is in compliance with each Section of this Order and Permanent Injunction; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order and Permanent Injunction, unless previously submitted to the Commission.

2. Additionally, Robert Shemin must: (a) identify all telephone numbers and all physical, postal, e-mail and Internet addresses, including all residences; (b) identify all business activities, including any business for which Robert Shemin performs services whether as an employee or otherwise and any entity in which Robert Shemin has any ownership interest; and (c) describe in detail Robert Shemin's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten years after entry of this Order and Permanent Injunction, Robert Shemin must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Robert Shemin must report any change in: (a) any designated point of contact; or (b) the structure of any entity in which he has any ownership

18

interest in or controls directly or indirectly that may affect compliance obligations arising under this Order and Permanent Injunction, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order and Permanent Injunction.

2. Additionally, Robert Shemin must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Robert Shemin must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Robert Shemin within fourteen days of its filing.

D. Any submission to the Commission required by this Order and Permanent Injunction to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order and Permanent Injunction must be e-mailed to DEbrief@ftc.gov or sent by overnight courier

(not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.   The subject line must begin: FTC v. Vision Online, et al, X230023.

## XII.    RECORDKEEPING

Robert Shemin shall create the following records for ten years after entry of the Order and Permanent Injunction, and retain each such record for five years.  Specifically, Robert Shemin for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  a copy of each unique advertisement or other marketing material disseminated to consumers including for any business for which he offers coaching or mentoring services;

E.  recordings of any live presentations to groups of consumers, including for any business for which he offers coaching or mentoring services;

F.  copies of all substantiation for any products for which he offers coaching or

mentoring services; and

G.  all records necessary to demonstrate full compliance with each provision of
this Order and Permanent Injunction, including all submissions to the
Commission.

## XIII.  COMPLIANCE MONITORING

For the purpose of monitoring Robert Shemin's compliance with this Order and
Permanent Injunction, including the Financial Attestations upon which part of the
judgment was suspended and any failure to transfer any assets as required by this Order
and Permanent Injunction:

A.  Within 14 days of receipt of a written request from a representative of the
Commission, Robert Shemin must: submit additional compliance reports or
other requested information, which must be sworn under penalty of perjury;
appear for depositions; and produce documents for inspection and copying.
The Commission is also authorized to obtain discovery, without further leave of
court, using any of the procedures prescribed by Federal Rules of Civil
Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order and Permanent Injunction, the Commission
is authorized to communicate directly with Robert Shemin.  Robert Shemin
must permit representatives of the Commission to interview any employee or
other person affiliated with Robert Shemin who has agreed to such an
interview.  The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its
representatives as consumers, suppliers, or other individuals or entities, to

Robert Shemin or any individual or entity affiliated with him, without the necessity of identification or prior notice. Nothing in this Order and Permanent Injunction limits the Commission's lawful use of compulsory process, pursuant to 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Robert Shemin, pursuant to 15 U.S.C.§ 1681b(a)(1).

## XIV.   RETENTION OF JURISDICTION

This Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order and Permanent Injunction.

**DONE AND ORDERED** in Orlando, Florida on August 7, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party